UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
F I L E D
NOV 18 2021
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.                                            INDICTMENT NO. 2:21-CR-64-DLB

MICHAEL FLETCHER, M.D.

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

1. **MICHAEL FLETCHER** was a physician practicing in or around Crestview Hills, Kentucky. He was licensed to practice medicine in Kentucky and permitted by the United States Drug Enforcement Administration ("DEA") to prescribe controlled substances.

2. The Controlled Substances Act ("CSA") governed the manufacture, distribution, and dispensing of controlled substances in the United States.

3. Under the CSA, the DEA regulated certain pharmaceutical drugs designated as "controlled substances" because of their potential for abuse or dependence, their accepted medical use, and their accepted safety for use under medical supervision. *See* 21 U.S.C. § 802(6).

4. The DEA issued registration numbers to qualifying practitioners, including physicians, which permitted them to dispense Schedule II, III, IV, and V controlled

substances consistent with the terms of that registration. 21 U.S.C. § 822.

5. "A prescription for a controlled substance to be effective must be issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his professional practice. The responsibility for the proper prescribing and dispensing of controlled substances is upon the prescribing practitioner . . . ." 21 C.F.R. § 1306.04(a).

**COUNTS 1-3**
**Distribution of a Controlled Substance**
**(21 U.S.C. § 841(a)(1))**

6. Paragraphs 1 through 5 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

7. On or about the dates listed below, in Kenton County, in the Eastern District of Kentucky, and elsewhere,

**MICHAEL FLETCHER, M.D.,**

did knowingly and intentionally distribute and dispense controlled substances pursuant to prescriptions that were not issued for a legitimate medical purpose by an individual practitioner acting in the usual course of his or her professional practice, as set forth below:

| Count | Approximate Date Prescription Written | Substances Distributed To | Substance Name | Qty. |
|---|---|---|---|---|
| 1 | June 6, 2016 | CH | Oxycodone Hydrochloride | 20 |
| 2 | June 30, 2016 | CH | Oxycodone Hydrochloride | 20 |
| 3 | August 8, 2016 | SK | Oxycodone Hydrochloride | 84 |

Each of the above in violation 21 U.S.C. § 841(a)(1).

## FORFEITURE ALLEGATION
## 21 U.S.C. § 853(a)

1.  Upon conviction of the offenses in this Indictment, **MICHAEL FLETCHER** shall forfeit to the United States of America, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds they obtained, directly or indirectly, as the result of the aforesaid violations of 21 U.S.C. §§ 841(a)(1) and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

2.  The property to be forfeited includes, but is not limited to, the following:

    a.  **MICHAEL FLETCHER**'s medical license(s) and any rights and privileges associated with those licenses;

    b.  any DEA registration(s) for **MICHAEL FLETCHER**; and

    c.  a forfeiture money judgment in the amount of the gross proceeds obtained by the Defendants as a result of the aforesaid violations.

3.  If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property in which the defendant has an interest, up to the value of the property and proceeds described above.

A TRUE BILL

███████████████

FOREPERSON

_____
CARLTON S. SHIER, IV
ACTING UNITED STATES ATTORNEY

_____ for:
JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

## PENALTIES

**COUNTS 1-3:** Schedule II controlled substance:
Not more than 20 years imprisonment, a fine of not more than $1,000,000, and supervised release of at least 3 years

**If prior felony drug conviction:** Not more than 30 years imprisonment, a $2,000,000 fine, and at least 6 years supervised release.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.

**PLUS:** Forfeiture as listed.